IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01375-MEH

RHONDA PATTERSON-EACHUS,

    Plaintiff,

v.

UNITED AIRLINES, INC.

    Defendant.

---

**DEFENDANT'S UNOPPOSED MOTON TO MAINTAIN LEVEL 1 RESTRICTION FOR CERTAIN SUMMARY JUDGMENT REPLY BRIEF EXHIBITS**
**(DOCS. ## 49 through 49-3)**

---

    Defendant United Airlines, Inc., by and through its counsel Cathy Havener Greer and Kathryn A. Starnella of Wells, Anderson & Race LLC, respectfully submits this Motion to Maintain Level 1 Restriction for certain exhibits submitted in support of its summary judgment Reply Brief (Doc. # 47). Those exhibits contain non-parties' confidential personnel information. Redacted versions of these exhibits, which omit these non-parties' names, have been publicly filed with the Court. *See* Docs. ## 47-1, 47-2, 47-4, and 47-6. However, unredacted versions will likely aid the Court in its determination of United's pending summary judgment motion. These unredacted versions, Docs. ## 49 through 49-3, must be protected from public access for the reasons discussed below.

    D.C.COLOCivR 7.1 conferral: On November 12, 2020, undersigned counsel conferred with Plaintiff's counsel and this motion is unopposed.

## PRELIMINARY STATEMENT

On November 12, 2020, United filed a reply in support of its summary judgment motion. (Doc. # 47.) In support of that reply brief, United submitted six exhibits: (1) Exhibit F, supplemented excerpts from Ed Eget's deposition transcript; (2) Exhibit I, supplemented excerpts from Plaintiff's deposition transcript; (3) Exhibit N, supplemented excerpts from Luke David's deposition transcript; (4) Exhibit S, Plaintiff's entries in the Employee Performance System regarding her subordinates; (5) Exhibit T, excerpts from a deposition of one of Plaintiff's witnesses taken in Case No. 15-cv-00590 (D. Colo.); and (6) Exhibit U, Plaintiff's Initial Disclosure Certificate, which lists and identifies circumstances of people Plaintiff believes are similarly situated but who allegedly received more favorable treatment.

*Four* of these exhibits contain non-parties' confidential personnel information: Exhibit F, Exhibit I, Exhibit S, and Exhibit U. United filed these exhibits in redacted form with its summary judgment reply brief. Now, with this Motion, United presents those four exhibits in unredacted form and under Level 1 restriction. Under D.C.COLO.LCivR 7.2(b), Level 1 restriction limits access to the parties and the Court.

## NATURE OF THE CASE

This case concerns claims of gender and age discrimination, among others. Plaintiff Rhonda Patterson-Eachus was a United employee for 34 years. While Plaintiff received generally positive performance reviews during her last five years as a Supervisor of Airport Operations, several of Plaintiff's subordinates felt she berated, belittled and harassed them— unbeknownst to United. United learned of the subordinates' concerns when it conducted an internal investigation following an anonymous complaint about a couple of Plaintiff's social

media postings. Upon the investigation's conclusion, United determined that Plaintiff's termination was warranted. Plaintiff was terminated without travel benefits.

In support of her gender and age discrimination claims, Plaintiff claims that male supervisors and younger female supervisors who had performance issues received more favorable treatment.

## STANDARD OF REVIEW

It is well established that the public has a general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). Further, "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). Despite the presumption that court proceedings should remain open, documents may be restricted from public access when the public's right of access is outweighed by interests that favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The Court has discretion to determine whether a particular document should be restricted from public access. *See Nixon*, 435 U.S. at 599.

## ARGUMENT

### Non-parties have a privacy right in their personnel information that trumps the public's common law right of access to court records.

Exhibits F, I, S, and U contain confidential personnel information about non-party United employees and former employees. For example, Exhibit F contains the deponents' testimony about non-parties' performance issues, actions United took, and how the issues resolved. Exhibit I consists of Plaintiff's testimony about alleged comparators who received more favorable treatment. Exhibit U, which is Plaintiff's Initial Disclosure Certificate, contains similar content.

3

Finally, Exhibit S contains information about entries Plaintiff made into United's Employee Performance System regarding non-parties' job performance. The disclosure of the personal and sensitive information contained in these files "would be offensive and objectionable to a reasonable person of ordinary sensibilities." *Martinelli v. Dist. Ct. of Denver*, 612 P.2d 1083, 1091 (Colo. 1980). Accordingly, these exhibits should be restricted from public access and access should be limited to the Court and the parties. *See Garcia v. Patton*, No. 14-cv-01568, 2015 U.S. Dist. LEXIS 192857, at \*\*6-7 (July 9, 2015) (unpublished) (granting motion to restrict access to an exhibit containing personnel file information).

While the public arguably has a right to access documents concerning alleged gender and age discrimination at a major corporation, that right does not trump the non-parties' privacy rights. The public is free to access Exhibits F, I, S, and U, which have been filed in redacted form. *See* Docs. ## 47-1, 47-2, 47-4, and 47-6.

## CONCLUSION

For the foregoing reasons, United respectfully requests that the Court maintain the Level 1 restriction for the unredacted versions of Exhibits F, I, S, and U (Docs. ## 49 through 49-3).

Dated this 12th day of November, 2020.

                              Respectfully submitted,

                              <u>*S/ Kathryn A. Starnella*</u>
                              Cathy Havener Greer
                              Kathryn A. Starnella
                              Wells, Anderson & Race, LLC
                              1700 Broadway, Suite 1020
                              Denver, CO 80290
                              T: 303-830-1212
                              Email: cgreer@warllc.com
                              Email: kstarnella@warllc.com
                              ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on November 12, 2020, a true and correct copy of the above and foregoing **DEFENDANT'S UNOPPOSED MOTON TO MAINTAIN LEVEL 1 RESTRICTION FOR CERTAIN SUMMARY JUDGMENT REPLY BRIEF EXHIBITS (DOCS. ## 49 through 49-3)** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following address:

Dipak P. Patel, Esq.
Ciancio Ciancia & Brown P.C. – Broomfield
390 Interlocken Crescent, Suite 350
Broomfield, CO 80021
*Attorneys for Plaintiff*

              *S/ April Barrett*
              April Barrett
              Email: abarrett@warllc.com